UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 21-cr-465-9 (DLF) |
| BARRY TYSON, | : |
| Defendant. | : |

**GOVERNMENT'S SUBMISSION OF ELEMENTS OF OFFENSE
AND PROFFER OF EVIDENCE IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY**

I.  Summary of the Plea Agreement

Defendant Barry Tyson agrees to admit guilt and enter a plea of guilty to Counts One and Thirty Seven of the Superseding Indictment. Defendant is pleading guilty to Count One for engaging in a Conspiracy to Distribute and Possess with the Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine Base, in violation of 21 U.S.C. §§ 846, 841 (a)(1) and (b)(1)(C). Defendant is pleading guilty to Count Thirty Seven for Using, Carrying, and Possessing a Firearm During, and in Furtherance of, a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

In this case, the penalty for Count One is:

(A)   A term of imprisonment of not more than 20 years;

(B)   a fine not to exceed $1,000,000;

(C)   a term of supervised release of at least 3 years, after any period of incarceration; and

(D)   a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an

additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

The penalty for Count Thirty-Seven, using, carrying, and possessing a firearm during, and in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), is:

(A) a term of imprisonment of not greater than life, with a mandatory minimum period of incarceration of five years, consecutive to any other term of imprisonment;

(B) a fine not to exceed $250,000;

(C) a term of supervised release of not more than five years to follow any period of incarceration; and

(D) a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

II.   Elements of the Offenses

The essential elements of the offense of Conspiracy to Distribute and Possess with Intent to Distribute a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) That an agreement existed between two or more persons to commit the crimes of distribution and possession with the intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base;

(2) That the defendant intentionally joined in that illegal agreement.

The offense of violating 21 U.S.C. § 846, by conspiring to violate federal narcotics laws, does not include as an element, the commission of an overt act in furtherance of the conspiracy.

*United States v. Pumphrey*, 831 F.2d 307, 308-309 (D.C. Cir. 1987).

Count One of the Superseding Indictment charges that the defendant Conspired to Distribute and Possess with the Intent to Distribute a mixture and substance containing a detectable amount of cocaine base. The essential elements of the offense of distribution of a controlled substance are:

(1) That the defendant distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return;

(2) That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

(3) That the controlled substance was a mixture and substance containing a detectable amount of cocaine base.

The essential elements of the offense of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base are:

(1) That the defendant possessed a controlled substance;

(2) That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently;

(3) That when the defendant possessed the controlled substance he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person; and

(4) That the controlled substance was a mixture and substance containing a detectable amount of cocaine base.

The essential elements of the offense of Count Thirty Seven, the offense of using, carrying, and possessing a firearm during, and in furtherance of, a drug trafficking offense, each of which the Government must prove beyond a reasonable doubt, are that:

(1) That the defendant used, carried, or possessed a firearm;

(2) That the defendant possessed the firearm while committing a drug trafficking offense or in furtherance of a drug trafficking offense; and

(3) That the defendant did so voluntarily and on purpose, and not by mistake or accident.

In this case, the defendant was committing the drug trafficking offense of distributing and possessing with the intent the intent to distribute a controlled substance, specifically cocaine base.

### III. Brief Statement of the Facts

The following statement of facts does not purport to include all of the Defendant's illegal conduct. It also does not purport to be an inclusive recitation of everything that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or others. It is intended to represent sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea as to Counts One and Thirty Seven of the Superseding Indictment.

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

1. Beginning in January of 2021, the MPD Narcotics and Special Investigations Division, along with the FBI, launched a formal investigation into the "MLK Crew," which is a group of individuals who were believed to be operating a drug trafficking conspiracy in and around the 2900 block of Martin Luther King Jr. Avenue, SE, Washington D.C.. As part of its investigation, MPD and FBI began conducting surveillance, obtaining search warrants, and making controlled buys of narcotics (including cocaine base) from suspected

4

members of the conspiracy. During the course of its surveillance, MPD and FBI observed Defendant Barry Tyson engaging in multiple hand to hand transactions in and around the suspected drug point and interacting with other members of the conspiracy. During the conspiracy, MPD and FBI made two controlled narcotics purchases from the Defendant, including the purchase of .2 grams of cocaine base on April 26, 2021.

2. On April 16, 2021, Defendant was seen on video surveillance passing a firearm to another individual outside of a stash house that belonged to the MLK Crew. MPD followed the individual, arrested him, and seized one Polymer 80 Privately Manufactured Fireram (PMF), not bearing any serial number, with a high-capacity magazine containing 29 rounds of 9mm caliber ammunition and one round of 9mm caliber ammunition in the chamber.

3. Defendant admits that based on his role in the conspiracy, including his own conduct and the conduct of his co-conspirators which was reasonably foreseeable to him, that he is accountable for the distribution and possession with intent to distribute less than 2.8 grams of a mixture and substance containing a detectable amount of cocaine base, which represents his total relevant conduct. Defendant also admits that he possessed the aforementioned PMF firearm, which he passed to another individual on April 16, 2021, in furtherance of the drug trafficking conspiracy.

4. The Defendant further agrees that he personally has read or had read to him the indictment and superseding indictment in this case, including the allegations and charges against the defendants in those indictments. The Defendant admits that all of the allegations in those indictments are true, OR that he does not have information to dispute or disprove those allegations set for the indictments in any way.

Sincerely,

Matthew M. Graves
United States Attorney
D.C. No. 481052

By: *David Henek*
David T. Henek
Assistant United States Attorney

*Defendant's Acceptance*

I have read each of the pages that constitute the government's proffer of evidence and have discussed it with my attorney, Howard Katzoff, Esquire. I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 5/3/2022

Barry Tyson
Barry Tyson
Defendant

*Attorney's Acknowledgment*

I have read each of the pages that constitute the government's Proffer of Evidence, reviewed them with my client, Barry Tyson, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the government's proof, as I understand it.

Date: 5/3/2022

Howard Katzoff
Attorney for the Defendant